UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHICCA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2990 |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM, | § § § § | |
| Defendant. | § | |

## ORDER

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Michael Chicca and Defendant St. Luke's Episcopal Health System (Doc. Nos. 32 and 35, respectively). The briefing on these motions has generated the below questions, which the Court asks the parties to answer via supplemental briefing:

(1)  The Court does not understand the relevance of the statute of limitations issue. Does Defendant contend that Plaintiff's entire claim is barred by the two-year statute of limitations, or simply that the Court must limit its consideration to a more condensed time period? If Defendant seeks only to limit the period of time that the Court can consider, what evidence submitted by either party differentiates between the period outside of the statute of limitations and the period within it? In other words, what is the effect of the Court applying either a two-year or a three-year statute of limitations?

(2)  Plaintiff's "continuing violation" theory generates almost no briefing from either party. Does Defendant have a response as to why this theory does not apply in this case?

(3) Defendant relies, in part, on the "computer professional exemption" codified in 29 U.S.C. § 213(a)(17). However, at least one district court has concluded that, under the plain language of the statute and the regulations, the Section 213(a)(17) exemption applies only to hourly employees. *See Santiago v. Amdocs, Inc.*, 2011 WL 6372348, at *2-3 (N.D. Cal. Dec. 19, 2011); *see also Berquist v. Fidelity Info. Servs. Inc.*, 399 F. Supp. 2d 1320, 1330 (M.D. Fla. 2005) ("In other words, pursuant to 29 C.F.R. § 541.400(b) (2004), computer employees can be exempt under the professional exemption in 29 U.S.C. § 213(a)(1) if they meet the minimum salary requirements of $455.00 a week, or under the computer employee exemption, 29 U.S.C. § 213(a)(17), if they meet the minimum hourly requirement of $27.63."). What authority supports Defendant's position that Section 213(a)(17) applies to Plaintiff, a salaried employee? Does Plaintiff read the FLSA to mean that Section 213(a)(17) cannot apply to salaried employees, and that computer employees can only be exempt under Section 213(a)(1) of the act?

(4) Even if the Court concludes that Section 213(a)(17) does not apply to salaried employees such as Plaintiff, does such a conclusion have any impact on the Court's analysis in light of the fact that 29 C.F.R. § 541.400(b) makes clear that *it* applies to computer employees under either Section 13(a)(1) or Section 13(a)(17) of the Act?

The parties are directed to respond to these questions by March 5, 2012.

**IT IS SO ORDERED.**
**SIGNED** this the 27th day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE