UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHICCA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2990 |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court are cross-motions for summary judgment filed by the parties, which the Court will consider in a subsequent Memorandum and Order. Also pending before the Court are Defendant's "Objections and Motion to Strike Plaintiff's Summary Judgment Evidence" (Doc. No. 42). After considering that motion, Plaintiff's response thereto, and the applicable law, the Court finds that the motion must be DENIED.

Plaintiff Michael Chicca alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by Plaintiff's former employer, Defendant St. Luke's Episcopal Health System. Defendant has moved to strike two declarations submitted in support of Plaintiff's Response (Doc. No. 40) to Defendant's Motion for Summary Judgment (Doc. No. 35). Under Federal Rule of Civil Procedure 12(f), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and "should be granted only when the pleading to be stricken has

1

no possible relation to the controversy." *Augustus v. Bd. of Public Instruction, Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (citations omitted); *see also FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). A court must deny the motion to strike if it involves a disputed question of fact. *See Augustus*, 306 F.2d at 868. In addition, where there are disputed questions of law, courts should deny the motion to strike unless the movant demonstrates "prejudicial harm." *Id.* The granting of a motion to strike is within the discretion of the court. *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002).

Defendant contends that Plaintiff's declarations are inconsistent with Plaintiff's earlier deposition testimony, to the extent that Plaintiff testified at his deposition that he authored a number of resumes in question, and to the extent that Plaintiff did not dispute the job standards described in his performance reviews. Because Plaintiff's declarations explain terms contained in Plaintiff's resumes and in the job standards described in his performance reviews, Defendant contends that his declarations are inconsistent with his deposition, and should be stricken from the record.

Plaintiff responds that the statements in his declarations define and clarify the job descriptions contained in his resumes. He does not contend that he did not write these resumes (such a statement would be in direct conflict with his deposition testimony), but rather offers explanations as to why his resumes describe his job duties as they do. As this district has held before, "[i]n determining what an employee's day-to-day job activities are, general job descriptions contained in an employee's resume or prepared by the employer may be considered, but are not determinative, and descriptions contained in depositions and affidavits should be considered as well." *Kohl v. Woodlands Fire Dept.*, 440 F. Supp. 2d 626, 634 (S.D. Tex. 2006) (citing *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 400-01 (6th Cir. 2004)). In

*Schaefer*, the court explained that "[n]either the job description that [plaintiff] wrote for his resume nor [plaintiff's] failure to dispute [defendant's] position descriptions or performance evaluations prior to this lawsuit preclude him from arguing that his day-to-day activities differ from those described in these documents—such actions merely raise credibility questions for the factfinder." 358 F.3d at 400-01. The same is true here. While Plaintiff's declarations ultimately may raise credibility questions to the extent they characterize his day-to-day job activities in a way that conflicts with the job description contained in his resumes, this inconsistency does not render Plaintiff's declaration inadmissible. Thus, Defendant's Motion to Strike must be **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** this the 27th day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE