IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHICCA | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:10-cv-02990 |
| v. | § | |
| | § | |
| ST. LUKE'S EPISCOPAL HOSPITAL | § | |
| | § | |
| Defendant. | § | |

## RESPONSE TO COURT'S ORDER REQUESTING SUPPLEMENTAL BRIEFING

Defendant ST. LUKE'S EPISCOPAL HEALTH SYSTEM (hereinafter "St. Luke's," or Defendant), by its attorneys Cozen O'Connor P.C., submits this Response to the Court's Order Requesting Supplemental Briefing, and states the following to address the inquiries made therein.

### INTRODUCTION

The parties to the instant suit filed cross-motions for summary judgment, as well as related responsive pleadings, relating to plaintiff's FLSA misclassification claim. Following the conclusion of the briefing period, the Honorable Keith P. Ellison ordered the parties to address four (4) questions which arose from those pleadings. St. Luke's herein responds to those questions and the issues related thereto.

### Question 1:

The Court's first question seeks clarification of St. Luke's statute of limitations argument and its intended effect. In response, St. Luke's confirms that it does not contend Plaintiff's entire claim is barred, nor does it argue that the Court must limit its consideration of facts to those

occurring within the more condensed time period. Rather, St. Luke's seeks this ruling, in large part, to better limit and define the issues, and potential back pay at trial, in the event it's dispositive motion is denied. More specifically, the statute of limitations applicable to the case depends on Plaintiff's ability to demonstrate that St. Luke's willfully violated the FLSA. This inquiry requires an examination of St. Luke's policies, procedures, and practices, which would otherwise be irrelevant to the predominant issues in the case relating to Plaintiff's duties and responsibilities. The willfulness is an issue which is appropriate for adjudication via summary judgment, but it was not asserted as an attempt to argue Plaintiff's claims were untimely.

### Question 2:

The Court's second question seeks St. Luke's response to the application of Plaintiff's "continuing violation" theory to the instant case. As referenced by the Court, little briefing was devoted to this theory; as a result of Plaintiff's failure to explain the argument, St. Luke's was unable to ascertain the basis and/or intended effect of the application of same. As set forth in response to "Question 1", St. Luke's has not argued Plaintiff's entire claim is barred, nor has it argued that St. Luke's 2004 decision to classify Plaintiff as exempt commenced the tolling of the limitations period. Instead, St. Luke's seeks only to limit the applicable period to the two years preceding the suit, as Plaintiff cannot demonstrate St. Luke's acted in willful contravention of the FLSA warranting a three year period.

The "continuing violation" theory does not apply in the instant case to extend the limitations period *beyond* the two (2) year (non-willful) or three (3) year (willful) period (as Plaintiff may argue). This application would contradict the clear language of the statute which bars actions commenced within two or three years after the cause of action accrued. 29 USCS § 255. Moreover, this theory does not logically apply to cases in the manner suggested by

Plaintiff. The Fifth Circuit explained the continuing violation theory in *Hendrix v. Yazoo City*, 911 F.2d 1102, 1103 (5th Cir. Miss. 1990):

> [T]he continuing violation doctrine embraces two types of cases. The first includes cases in which the original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred. In such cases, recovery may be had for all violations, on the theory that they are part of one, continuing violation. The second type of continuing violation is one in which an initial violation, outside the statute of limitations, is repeated later; in this case, each violation begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations....
> *Id.*

The Fifth Circuit's opinion continued, confirming that FLSA cases applying this theory fall into the "second type" which allows recovery for violations occurring <u>within</u> the period of limitations:

> The continuing violation doctrine has often been applied in sex discrimination cases under Title VII, in which it has been held that the discriminatory amounts paid in each paycheck constitute a renewed violation of the statute. A similar analysis has been applied by this circuit in FLSA cases, most recently in *Halferty v. Pulse Drug Co.*, which held that the employee could recover for overtime hours worked dating back to the <u>beginning of the statute of limitations period</u>, even though she was originally hired, and her terms of employment set, outside of the statute of limitations. *Id (emphasis added)*.

Thus, in the context of an FLSA claim, Courts have routinely held that a new cause of action accrues for statute of limitations purposes on each pay period in which the employee fails to receive FLSA overtime compensation. *Hashop v. Rockwell Space Operations Co.*, 867 F. Supp. 1287, 1294 (S.D. Tex. 1994); *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 270 (5th Cir. Tex. 1987); *Wang v. Prudential Ins. Co. of Am.*, 439 Fed. Appx. 359, 365 (5th Cir. Tex. 2011). The continuing violation theory cannot extend the statute of limitations period as Plaintiff might suggest, because his cause of action for misclassification accrued with each new pay period, with his last cause of action accruing upon receipt of his last check. Plaintiff's claims with respect to

the checks received within two or three years prior to the instant suit are the only claims which are not now barred.

The case cited by Plaintiff in his brief, *McConnell v. Thomson Newspapers*, 802 F.Supp. 1484 (E.D. Tex. 1992) is unreliable authority for the proposition cited by Plaintiff, as that case did not involve a misclassification issue, and was supported by sufficient evidence to potentially apply the continuing violation theory. More specifically, in *McConnell*, the issue was not misclassification; the hourly Plaintiff provided testimony that he was prohibited from reporting overtime on several specific instances, including some instances occurring outside the limitations period. Essentially, the court found these alleged previous violations were similar enough to those within the limitations period to support a continuing violation. In contrast, in the instant case, the only suggestion of a separate act whereby Plaintiff asserts St. Luke's violated the FLSA was the decision to classify Plaintiff as exempt, which was made several years prior to the relevant period. An application of the continuing violation theory to these circumstances would effectively render statutes of limitations moot in any case involving misclassification. Legal authority does not support this conclusion, and St. Luke's takes the position that the continuing violation theory does not apply to the instant matter.

### Question 3:

The third question presented seeks support for St. Luke's position that Section 213(a)(17) applies to Plaintiff, since he was a salaried employee, in light of opinions interpreting that Section as applying only to hourly employees. Both the plain language of Section 213(a)(17) and the application of same by numerous courts to salaried employees supports St. Luke's position that the exemption codified in Section 213(a)(17) applies to Plaintiff.

4

Section 213(a)(17) sets forth several subsections by which an employee can qualify for the exemption; at the end of the list, it provides, "and who, *in the case of an employee who is compensated on an hourly basis*, is compensated at a rate of not less than $27.63 an hour." [Emphasis added]. A cursory review of this language confirms this addition only adds a minimum for those employees paid on an hourly basis; it neither insinuates nor expressly states that the subsection is limited to only hourly employees, or is otherwise unavailable to salaried employees.

This interpretation is confirmed with a review of the application of this exemption to salaried employees by numerous other courts. In fact, the overwhelming majority of cases cited by **both** Plaintiff and Defendant involved employees compensated on a salary basis wherein the courts evaluated the applicability of the Section 213(a)(17) exemption. **None of those courts refused to apply the exemption to the plaintiffs because they were paid on a salary basis.**

For example, in *Hunter v. Sprint Corporation*, (cited by Plaintiff in his response to Defendant's Motion for Summary Judgment), the District Court evaluated if a salaried employee was exempt under the provisions of Section 213(a)(17). *Hunter v. Sprint Corporation*, 453 F. Supp. 2d 44 (D.C. 2006). The court did not draw any distinction between hourly and salaried employees, but instead directly addressed the elements set forth in Section 213(a)(17) (and 29 CFR 541.400). *Id.* at 51-52. Similarly, in another case relied upon by Plaintiff, *Young v. Cerner Corp.*, the District Court cited Section 213(a)(17) in its analysis of the computer professional exemption, and found the salaried employee to be exempt under subsections (a)(1) and (a)(17). *Young v. Cerner Corp.*, 2007 U.S. Dist. LEXIS 63566, *13 (W.D. Mo. Aug. 28, 2007). Again, no distinction was made regarding the application of subsection (a)(17) to hourly vs. salaried employees; instead, the court stated that because of the employee's salary, the wage

requirements were met for the exemption. *Id.* at *9-10. See also *Bobadilla v. MDRC,* 2005 U.S. Dist. LEXIS 18140 (S.D.N.Y. Aug. 23, 2005)(the court applied the Section 213(a)(17) exemption to the salaried plaintiff); *Clark v. JP Morgan Chase Bank,* 2010 U.S. Dist. LEXIS 33264, *51 (S.D.N.Y. March 26, 2010)(the court applied the Section 213(a)(17) exemption to the salaried plaintiff and found the plaintiff exempt from overtime).

Moreover, the precise inquiry posed by this Court was contemplated by another court within the Fifth Circuit's jurisdiction and that court found Section 213(a)(17) ***was not*** limited to hourly employees. In *Pellerin v. Xspedius Management Co. of Shreveport, L.L.C.,* the District Court was asked to determine if a salaried programmer analyst was exempt from overtime as a computer professional. *Pellerin v. Xspedius Management Co. of Shreveport, L.L.C.,* 432 F. Supp. 2d 657 (W.D. La. 2006). This court, of its own volition, evaluated the facts of that case to determine if the employee was exempt from overtime pursuant to Section 213(a)(17). *Id.* at 664. The court noted the language in the last clause of the subsection relating to the salary of hourly employee, but ultimately found this clause did not limit the application of subsection (a)(17) to hourly employees. Specifically, the court stated,

> One could argue that the last clause of § 213(a)(17) limits the exemption to those who earn at least $27.63 per hour. *See 29 C.F.R. § 541.400 (2004-).* However, we read that last clause as imposing an additional requirement only for those employed on an hourly basis. This interpretation is consistent with legislative comments addressing similar language in the 1990 legislation, and the DOL's resolution of same. *57 FR 46742 (10/9/1992).*

*Id.* at 665, Footnote 9. Ultimately, the court applied the Section 213(a)(17) exemption to the salaried plaintiff. *Id.* at 665.

Thus, both the plain reading of the section, and the application of same to salaried employees by numerous other courts supports that it is not limited to only hourly employees. In any event, as will be explored further in response to Question 4, the tests for evaluating the

6

computer professional exemptions in both Section 213(a)(1) and (17) are identical, such that the dispositive motion filed by St. Luke's can, and should be granted because it demonstrated Plaintiff performed duties contemplated by either/both exemptions.

### Question 4:

In the last question, the Court asks the parties to address the impact of the possible non-application of Section 213(a)(17) to salaried employees, in light of 29 C.F.R. § 541.400(b). St. Luke's asserts the Court's analysis of the parties' dispositive motions should not be impacted by a finding that Section 213(a)(17) does not apply to salaried employees, and such a finding should not prevent the Court from granting St. Luke's dispositive motion based upon the "computer professional" exemption arising from Section 213(a)(1) and/or section 213(a)(17).

First, the only theoretical difference between computer professional exemptions arising under (1) and (17) is method of payment, as the duties required to find an exemption pursuant to Section 213(a)(1) are the same as those supporting an exemption under Section 213(a)(17). *See* 29 C.F.R. 541.400(b). Plaintiff has never disputed that he was paid on a salary basis; therefore, the only dispute relates to if his duties supported the computer professional exemptions in Sections 213(a)(1) or (17). Therefore, if the Court finds St. Luke's supported the computer professional exemption under Section 213(a)(17), the same result is warranted under Section 213(a)(1).

Moreover, the application of the computer professional exemption of Section 213(a)(1) would, in no way, prejudice Plaintiff. The parties have litigated the instant case with the clear understanding that the "computer professional" exemption was a primary issue in the litigation, focusing on the factors relevant to both Sections 213(a)(1) and (17), and set forth in 29 C.F.R. § 541.400(b), throughout discovery and within the briefings supporting and refuting the dispositive

motions. Specifically, both parties relied upon and evaluated the same factors relevant to the computer professional exemption pursuant to both Sections 213(a)(17) and (1) in their arguments regarding the competing dispositive motions. Plaintiff did not dispute, nor did he raise any argument or concern regarding, the application of the exemption set forth in Section 213(a)(17) and/or if it was the correct subsection to be applied to Plaintiff. The dispute with respect to the computer professional exemption centers on whether Plaintiff's primary duties qualified him for the computer professional exemption. Therefore, assuming, for the sake of argument, that the Court were to find Section 213(a)(17) does not apply to Plaintiff, the Court would be well within its power to find Plaintiff exempt pursuant to Section 213(a)(1).

## CONCLUSION

Based upon the foregoing, as well as its pleadings in support of its dispositive motion, St. Luke's respectfully requests that this Court grant its Motion for Summary Judgment, deny Plaintiff's Motion for Partial Summary Judgment, and issue a final order dismissing Plaintiff's claims with prejudice, and to all other relief to which St. Luke's shows itself justly entitled.

Respectfully submitted,

COZEN O'CONNOR, P.C.

/s/ Jennifer J. Cooper
A. Martin Wickliff, Jr.
State Bar No. 21419900
Federal Bar No. 3466
Jennifer J. Cooper
State Bar No. 24013541
Federal Bar No. 578926
Nelsy Gomez
State Bar No. 24059835
Federal Bar No. 932913
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone No.: (832) 214-3900
Facsimile No.: (832) 214-3905
**ATTORNEYS FOR DEFENDANT
ST. LUKE'S EPISCOPAL HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded via facsimile and/or by certified mail, return receipt requested, on this 5th day of March 2012 as follows:

Trang Q. Tran
Andrew H. Iwata
Tran Law Firm, L.L.P.
3050 Post Oak, Suite 1720
Houston, Texas 77056
**VIA FACSIMILE (713)623-6399 AND
CERTIFIED MAIL RRR # 7003 1680 0004 3410 1826**

/s/ Jennifer J. Cooper
Jennifer J. Cooper

#555522v1