IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Michael Chicca** | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-02990 |
| **St. Luke's Episcopal Health System** | § | |
| Defendant | § | JURY TRIAL DEMANDED |

PLAINTIFF'S SUPPLEMENTAL BRIEF
ON THE SUMMARY JUDGMENT ISSUES

Plaintiff Michael Chicca submits the following supplemental brief on the summary judgment issues, as requested by the Court. Specifically, the Court asked the parties to do the following:

(1) explain how either a two-year or a three-year limitations period would affect the summary judgment ruling;

(2) explain why the "continuing violation" doctrine should, or should not, apply to this case;

(3) explain whether the computer professional exemption can apply to a salaried employee; and

(4) explain the application of 29 C.F.R. 541.400 to the analysis of the computer professional exemption.

Dkt. No. 45.

I.      **Introduction**

Even a two-year limitations period would not bar all of Plaintiff's recovery. Meanwhile, much of Defendant's summary judgment evidence is not eligible to be considered because it is outside the scope of even a three-year limitations period. For example, the 2006 performance review cited by Defendant is outside the three year limitations period, and the resumes offered by Defendant are inconclusive because they do not list a specific time period for the specific job duties they describe, other than to state Plaintiff's entire tenure for Defendant.

Defendant's motion to impose the two-year statute of limitations as a matter of law must fail because there is evidence of a willful violation, triggering the FLSA's three-year statute of limitations. See Dkt. No. 40, *Plf. MSJ Resp.*, pp.38-40. Thus, the statute of limitations will exceed the two years claimed by Defendant, regardless of whether the continuing violation doctrine applies. See 29 U.S.C. 255(a).

The computer professional exemption can apply to salaried or hourly employees. 29 C.F.R. 541.400. However, for the computer professional exemption to apply to either hourly or salaried employees, the Plaintiff's position must satisfy the primary duties test articulated in 213(a)(17) and repeated in 29 C.F.R. 541.400. As explained in Plaintiff's previous briefs, Plaintiff does not meet this primary duties test, and therefore is not eligible for the computer professional exemption as either an hourly or a salaried employee.

I.      **The Relationship Between the Statute of Limitations and Summary Judgment.**

The FLSA provides two alternative limitations periods for wage and hour claims: three years for willful violations, and two years for non-willful violations. 29 U.S.C. 255(a). Plaintiff worked for Defendant from March 1998 until November 20, 2008. Exh. A, *New Hire Paper*; Exh. B, *Proposed Discharge Record*. Plaintiff first tolled his limitations period when he filed a

written consent to join an overtime collective action in *Villarreal v. St. Luke's Episcopal Health System*, 4:10-cv-00247 (S.D. Tex.) on June 18, 2010. Exh. C, *Chicca Consent Form from Villarreal case*; see 29 U.S.C. 256 (an action is commenced for purposes of the limitations period in 29 U.S.C. 255(a) by the filing of a written consent to participate in a collective action). After the court in *Villarreal* certified a class that excluded Michael Chicca, Plaintiff filed the present suit to proceed on his own. Exh. D, *Villarreal Class Ruling*, p.33; See also Dkt. No. 1 in present case.

Measuring a two-year limitations period from the filing of Mr. Chicca's consent form in the *Villarreal* case, the two-year limitations period would cover any overtime pay earned between June 18, 2008 and November 20, 2008. Exhs. B & C; 29 U.S.C. 255(a). In the alternative, if the court measures the two-year limitations period from the filing of this action, the two-year limitations period would cover any overtime pay earned between August 19, 2008 and November 20, 2008. In either case, the use of a two-year limitations period would not bar all of Plaintiff's recovery.

Plaintiff has shown evidence that Defendant's violations were willful and therefore has shown that this case qualifies for the three-year statute of limitations of 29 U.S.C. 255(a). Dkt. No. 40, *Plf. MSJ Resp.*, pp.38-40. Thus, under a three-year statute of limitations, all job duties performed by Plaintiff in the period between June 18, 2007 and November 20, 2008 would be relevant to the exemption analysis. See Exhibit C.

Both the overtime wage and the exemptions to the FLSA are evaluated on a weekly basis. 29 C.F.R. 778.103 (stating that the overtime provisions of 29 U.S.C. 207(a) must be applied on a weekly basis); 29 C.F.R. 780.10 (exemptions are applied one workweek at a time). As a result, the time period in which an employee can recover overtime, and the time period in which he is

3

evaluated for exemption are one and the same. *Id*. Thus, exempt activities which occurred prior to the limitations period are not considered in determining whether an employee is exempt during the limitations period. See 29 C.F.R. 780.10 (exemption is evaluated on a weekly basis and therefore the employer must effectively prove exempt activities for each week in which the exemption is asserted).

Thus, the relevant limitations period is also the period in which Plaintiff's exempt status must be evaluated, since exempt status outside the limitations period would not be determinative. *Id*. In fact, Plaintiff contends that he was non-exempt throughout his ten years of work for Defendant, in each year as much as in any other. However, since it is Defendant's burden to prove the exemption, it is also Defendant's burden to prove that the exempt duties it alleges fell within the period for which the exemption is claimed. *Id*.

However, much of the Defendant's summary judgment evidence falls outside the limitations period. The Plaintiff's 2006 performance review falls outside the three year statute of limitations, measured from either the *Villarreal* consent form or the filing of the present action. Compare Dkt. No. 35-23 with Exh. C or Dkt. No. 1. The Plaintiff's 2007 performance review is outside the two-year statute of limitations, as explained above. Compare Dkt. No. 35-24 with Exh. C or Dkt. No. 1. Plaintiff's resumes (all four of them) are inconclusive because they do not identify the specific time period in which the listed duties occurred, other than to identify the overall period of Plaintiff's tenure (1998-2008). Dkt. Nos. 35-13 through 35-16.

Thus, the relevant limitations period would affect the temporal scope of the evidence considered by the Court regarding the claimed exemptions. However, since it is Plaintiff's contention that he never at any time satisfied the primary duty elements for the computer professional and administrative exemptions, the Court's conclusions regarding the exemptions

should be the same under either limitations period.

### II. The Continuing Violation Doctrine Extends Recovery Beyond the FLSA's Statute of Limitations.

The "continuing violation" doctrine allows for recovery outside the statute of limitations when the violations began outside the statute of limitations, but continued within the limitations period. *McConnell v. Thomson Newspapers*, 802 F.Supp. 1484, 1492-1493 (E.D.Tex. 1992). Relevant factors in determining whether a continuing violation has occurred include: (1) whether the subject matter of the case connects the acts, the frequency of the acts, and the permanence of the acts' effects. *Id*. See also *Hashop v. Rockwell Space Operations*, 867 F.Supp. 1287, 1293-1294 (S.D.Tex. 1994)(finding a "continuing violation" occurred under FLSA because each deficient paycheck was a new violation of the FLSA). In this case, there can be no question that the acts of withholding overtime compensation are all connected; they all resulted from a decision to treat Mr. Chicca's position as exempt. Dkt. No. 35-8, *Brown Decl*., p.3. Likewise, the illegal acts were frequent because they occurred every two week pay period, for Mr. Chicca's ten years of employment with Defendant. *Id*; see also Dkt. No.35, *Def. Motion*, p.17. The misclassification of the Plaintiff was "permanent" in the sense that it never changed or varied throughout his ten years of service. *Id*. Thus, Plaintiff's claim satisfies the factors for application of the "continuing violations doctrine, because the subject matter connects the acts, the acts were frequent, and the acts were permanent. *McConnell* at 1493.

The cases that have refused to apply the continuing violations doctrine have generally involved situations in which the alleged violations were undertaken pursuant to a facially valid policy. See *Alldread v. City of Grenada*, 988 F.2d 1425, 1431-1432 (5th Cir 1993). In this case, the policy of classifying Mr. Chicca's position as exempt was not "facially valid" because Defendant was aware of both the job duties required for the exemption and the job duties

performed by Plaintiff. See Dkt. No. 40, *Plf. MSJ Resp*. pp. 38-40. Thus, Plaintiff should be permitted to recover for all the violations that he can prove, both within and beyond the statute of limitations.

### III. The Computer Professional Exemption Can Apply to Salaried or Hourly Employees, But Only Those Who Have the Duties Described in 29 C.F.R. 541.400.

The Court's third and fourth issues are so closely related that they can be addressed together. The U.S. Department of Labor's regulations say that there are two statutory avenues under which a computer professional may be exempt: 29 U.S.C. 213(a)(1) and 29 U.S.C. 213(a)(17). See 29 C.F.R. 541.400(a). The computer professional exemption applies to salaried employees under Section 213(a)(1) and to hourly employees under Section 213(a)(17). 29 C.F.R. 541.400(b). However, under *either* 213(a)(1) or 213(a)(17) of the act, the computer professional exemption only applies to employees who have a primary duty that consists of the familiar duty requirements of 213(a)(17), already briefed:

(1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;

(2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

(4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

29 C.F.R. 541.400(b).

Thus, while it is possible to apply the computer professional exemption to either salaried or hourly employees, neither salaried nor hourly employees can qualify for the exemption unless

6

their primary duties fit the above description. The cases cited by the Court, such as *Santiago v. Amdocs, Inc*., 2011 WL 6372348, at *2-3 (N.D.Cal. 2011) are consistent with this regulation.

Plaintiff concludes that the combination of 29 U.S.C. 213(a)(1), 213(a)(17), and 29 C.F.R. 541.400 leaves the Court with a computer exemption analysis that turns on the duties performed, much more than the method of payment. If Defendant tries to argue the "learned professional" exemption of Section 213(a)(1), as interpreted in 29 C.F.R. 541.300, Plaintiff objects that the learned professional exemption was not identified in discovery and was not properly briefed by Defendant. Plaintiff understands Defendant to argue that the computer professional exemption of Section 213(a)(17) is extended to salaried employees by 213(a)(1) and 29 C.F.R. 541.400. This is correct, but does not resolve the Plaintiff's lack of a primary duty satisfying any of these sections.

## Conclusion and Prayer for Relief

In view of the foregoing, Plaintiff asks the Court to deny Defendant's motion for summary judgment (Dkt. No. 35) in its entirety, and to grant Plaintiff's motion for partial summary judgment (Dkt. No. 32).

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
Andrew H. Iwata
Federal I.D: 625974
Texas Bar No. 24048568
3050 Post Oak, Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on March 5, 2012, in the following manner to:

                                              /S/Andrew H. Iwata_____
                                              Andrew H. Iwata

*(Via Southern District Electronic Filing Notification)*
Jennifer Joy Cooper
Nelsy Gomez
A. Martin Wickliff, Jr.
Cozen O'Connor
1000 Louisiana, Suite 5400
Houston, Texas  77002