IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHICCA | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:10-cv-02990 |
| v. | § | |
| | § | |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S UNOPPOSED MOTION FOR SEPARATE TRIALS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(b)**

Defendant St. Luke's Episcopal Health System ("Defendant" or "St. Luke's") asks the Court to order separate trials in this case, as authorized by Federal Rule of Civil Procedure 42(b). Plaintiff Michael Chicca ("Plaintiff" or "Chicca") has indicated that he is not opposed to this motion.

## I.  Introduction

St. Luke's seeks an order bifurcating the trial of this matter into two phases, one phase addressing liability issues followed by a second phase addressing damages issues if one is necessitated by a liability determination. Plaintiff Michael Chicca has sued St. Luke's alleging that St. Luke's violated the Fair Labor Standards Act by failing to pay him overtime for hours worked in excess of forty in a workweek. Trial for this lawsuit is set to begin April 16, 2012. Given the complexity of the Fair Labor Standards Act, the risk of jury confusion, and the need for judicial economy and convenience, St. Luke's urges the Court to consider bifurcation of this case.

## II. Argument

A.  **Legal Standard for Bifurcation Pursuant to Federal Rule of Civil Procedure 42(b)**

Federal Rules of Civil Procedure 42(b) allows the court to order a separate trial of any claim, counterclaim, or separate issue, where warranted, based upon: (a) the potential for prejudice to the parties; (b) the possibility of confusion to the jury; and (c) the relative convenience and economy which would result. *Emrick v. U.S. Sezuki Motor Corp.*, 750 F.2d 19 (3rd Cir. 1984). The decision to bifurcate a trial is committed to the sound discretion of the Court. *See In re Paoli Railroad PCB Litigation*, 113 F.3d 444, 452 n.5 (3rd Cir. 1997). Where the separation of liability from other issues such as damages is considered, it has been noted that "severance of the question of liability from other issues can reduce the length of trial, particularly if the severed issue[s] are dispositive of the case, and can also improve comprehension of the issues and evidence." *Id*. Nonetheless, the "paramount consideration in ruling on a motion to bifurcate is a fair and impartial trial to all litigants." *Miller v. New Jersey Transit Auth. Rail Operations*, 160 F.R.D. 37, 41 (D. N.J. 1995).

B.  **The Court Should Bifurcate Liability and Damages Issues into Two Separate Trial Phases**

Judicial economy would be advanced by bifurcation of the liability and damages claims alleged by Plaintiff. The Court should bifurcate the liability issues and the damages issues for the following reasons:

**1.     The Liability and Damages Issues are Distinct and Separable.**

The issues are clearly separable and can be tried separately without confusing the jury. *See Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.C. Cir. 2010); *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964-65 (10th Cir. 1993). Bifurcation is appropriate in this case "because the standards and evidence required to prove liability are entirely different than the evidence required to prove damages." *Goldman v. RadioShack Corp.*, 2005 U.S. Dist. LEXIS 9174 (E.D. Pa. May 13, 2005). As such, the burden of proof as to the liability issue versus the damages issue shifts from Plaintiff to St. Luke's depending on the phase of the trial. The burden of proof will shift from Plaintiff, who will have to demonstrate that he did in fact work in excess of forty (40) hours in a workweek, to St. Luke's, who will then have to bear the burden of proving that Plaintiff is not entitled to any overtime pay because the position of Senior Information Protection Analyst has been properly classified as exempt. Therefore, the focus during the liability phase of this matter will primarily be on St. Luke's exemption determinations for this position and the job duties associated with the position that warrant the exemption classification. Plaintiff's focus during this particular phase will be to rebut St. Luke's exemption determinations.

The damages phase of this matter will only be necessary if there is a liability determination favoring Plaintiff's claim of an FLSA violation. If such a finding is made, the burden then shifts to Plaintiff to prove damages, which would include the amount and extent of overtime Plaintiff claims to have worked, and St. Luke's good faith efforts to comply with the FLSA. The evidence that will be used to support this damages issue is separate and distinct from the jury's liability determination; therefore, the Court should order bifurcation of this trial into two phases.

**2. Bifurcation Will Prevent Jury Confusion.**

Bifurcation will enhance juror comprehension of complex issues and reduce the time needed to present the evidence. *Barr Labs., Inc. v. Abbott Labs.*, 978 F.2d 98, 115 (3rd Cir. 1992). Because burdens of proof will shift throughout the trial and considering the complexity of the elements necessary for the exemptions at issue, there exists a risk for juror confusion. Bifurcating the trial into liability and damages phases will significantly simplify and clarify the pending issues for the jury. Separation of these phases will enable the jury to focus on the liability issues and evidence without the convolution of the damages issue in what can seemingly be described as a complex lawsuit brought under the Fair Labor Standards Act.

**3. Bifurcation Will Prevent Prejudice.**

Bifurcating the issues will avoid prejudice to the parties. *See Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512, n. 14 (11th Cir. 1997); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996). Trying certain claims first, without introducing evidence that is prejudicial to those claims but is necessary for the other claims, will avoid prejudice and confusion. *See Angelo*, 11 F.3d at 965. Bifurcation is appropriate in this case because it will limit the presentation of evidence which may be irrelevant if the jury does not find St. Luke's liable for Plaintiff's FLSA overtime claim. This will prevent prejudice to St. Luke's. Additionally, Plaintiff will not be prejudiced by the bifurcation because the issue of liability and the issue of damages are legally distinct.

**4. Bifurcation Promotes Convenience and Judicial Economy.**

Separate trials of the issues will be more convenient for the parties and the Court. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). Indeed, if St. Luke's prevails in the liability phase of this matter, the jury will be released and need not expend any unnecessary

time considering the parties' damages evidence. However, even if St. Luke's does not prevail in the liability phase, a bifurcation of the case will promote convenience and economy by clarifying the purpose and scope of the damages phase.

### III.  CONCLUSION

For the reasons stated herein, Defendant St. Luke's asks the Court to separate the trial of this matter into two (2) phases, the first addressing the liability issues at hand, followed by a phase addressing damages issues.

Respectfully submitted,

COZEN O'CONNOR, P.C.

/s/ Jennifer J. Cooper
Jennifer J. Cooper
State Bar No.  24013541
Federal Bar No. 578926
Nelsy Gomez
State Bar No. 24059835
Federal Bar No. 931913
One Houston Center
1221 McKinney, Suite 2900
Houston, Texas  77010
Telephone: (713) 750-3100
Facsimile:  (713) 750-3101

**ATTORNEYS FOR DEFENDANT
ST. LUKE'S EPISCOPAL HEALTH SYSTEM**

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 10, 2012, counsel for Defendant conferred with Plaintiff's counsel regarding this Motion. Plaintiff's counsel is not opposed to this motion.

      /s/ Nelsy C. Gomez
      Nelsy C. Gomez

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2012, a true and correct copy of the foregoing *Defendant's Motion for Separate Trials Pursuant to Federal Rule of Civil Procedure 42(b)* has been duly served on the following:

Trang Q. Tran
Andrew H. Iwata
Tran Law Firm, L.L.P.
3050 Post Oak, Suite 1720
Houston, Texas 77056
**VIA FACSIMILE (713)623-6399**

      /s/ Nelsy C. Gomez
      Nelsy C. Gomez