**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL CHICCA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:10-cv-02990** |
| **v.** | § | |
| | § | |
| **ST. LUKE'S EPISCOPAL HEALTH** | § | |
| **SYSTEM** | § | |
| **Defendant.** | § | |

**JURY CHARGE AND VERDICT**

**INSTRUCTION NO. 1**

**GENERAL INSTRUCTIONS**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you, the jury, are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of the attorneys during trial and in their closing arguments are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide whom you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance

of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of whom may have called them, and all exhibits received in evidence, regardless of whom may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.  You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by testimony and evidence in the case.  The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to

the facts in the case.  One is direct evidence - such as testimony of an eyewitness.  The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to place on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged from your jury service, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your

question.

After you have reached a verdict, you are not required to talk with anyone about the case

unless the Court orders otherwise.

**SIGNED** in Houston, Texas on this the 18th day of April, 2012.


_____
KEITH P. ELLISON
U.S. DISTRICT JUDGE

**INSTRUCTION NO. 2**

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**INSTRUCTION NO. 3**

**CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## INSTRUCTION NO. 4

## FAIR LABOR STANDARDS ACT

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay.  Chicca claims that St. Luke's did not pay him the legally required overtime pay.

Chicca must prove the following by a preponderance of the evidence:

1. That Chicca worked more than forty hours per week during one or more weeks of employment for Defendant, within the period of June 18, 2008 to November 20, 2008; and

2. That St. Luke's failed to pay Chicca's overtime pay for all hours worked by Chicca in excess of 40 in one or more workweeks as required by law.

In its defense, St. Luke's claims that, even if you should find that Chicca has proved all the necessary elements of his claim, the overtime pay law does not apply because St. Luke's is exempt from those requirements.  The exemptions claimed by St. Luke's are the administrative employee exemption and/or the computer professional exemption.

**INSTRUCTION NO. 5**

**STIPULATIONS OF FACT**

The parties have agreed, or stipulated, the following:

1.      That St. Luke's employed Chicca during the time period involved;

2.      That Chicca's work was engaged in commerce or in the production of goods for commerce or St. Luke's business or businesses under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000;

3.      That Chicca was compensated on a salary basis at a rate not less than $455 per week.

4.      In this case, the parties have stipulated that the workweek was from Sunday at 12:00 a.m. to Saturday at 11:59 p.m.

5.      In his role as Change Management Administrator and Team Lead, Michael Chicca's duties included moderating the change management meetings.    In this role, Michael Chicca did not have the authority to grant change management requests himself, nor did he act in any managerial or supervisory capacity.  The agendas for change management meetings were open to contribution by anyone.

This means that both sides agree to the above facts in this case.  You must, therefore, treat these facts as having been proved.

## INSTRUCTION NO. 6

## BURDEN OF PROOF

In this case, each party must prove every essential part of its claim or defense by a preponderance of the evidence.  A preponderance of the evidence simply means evidence that persuades you that the party's claim or defense is more likely true than not true.  In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of Chicca's claims or St. Luke's' defenses by a preponderance of the evidence, you should find against the party making that claim or defense.

To receive the benefit of one or more of its claimed exemptions, St. Luke's must prove by a preponderance of the evidence the essential elements of the claimed exemption.

If, after considering all the evidence, you find Chicca has failed to prove one or more of the elements of his claim, your verdict must be for St. Luke's.  Even if Chicca has proven the elements of his claim, you must return a verdict for St. Luke's if St. Luke's proves, by a preponderance of the evidence, that Chicca is exempt from overtime pay law.

If, however, you find that Chicca has proved, by a preponderance of the evidence, all the elements of his claim, and St. Luke's has failed to establish its claim of exemption from the overtime pay law, then your verdict must be for Chicca, and you must determine the damages that Chicca is entitled to recover.

**INSTRUCTION NO. 7**

**OVERTIME COMPENSATION**

An employer must pay its employees at least one and one-half times their regular rate of pay for overtime work.  An employee's regular rate is the basis for calculating any overtime pay due the employee.  The regular rate for a workweek is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours.  The overtime rate, then, is one and one-half times that rate.

**INSTRUCTION NO. 8**

**"WORKWEEK" DEFINITION**

A "workweek" is a regularly recurring period of seven days or 168 hours, as designated by the employer.  Pursuant to the law, each workweek stands alone.  This means that hours over two (2) or more weeks cannot be averaged.  For example, if an employee works 30 hours one week and 50 hours the following week, the employee must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the two (2) weeks is 40.  Therefore, the employee worked a 10 overtime hours during the second week.

**INSTRUCTION NO. 9**

**"HOURS WORKED" DEFINITION**

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.  Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed.  Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

## INSTRUCTION NO. 10

## DETERMINING HOURS WORKED

You must determine the actual number of hours worked by Chicca based on all of the evidence. If you find that Chicca has shown, by a just and reasonable inference, that he worked some overtime hours for which he was not properly compensated, the burden shifts to St. Luke's to produce evidence about the amount of work performed or evidence to negate the reasonableness of the inference to be drawn from Chicca's evidence. Evidence that the hours Chicca claims to have actually worked tended to have been exaggerated can negate the reasonableness of any inference to be drawn from Chicca's evidence.

**INSTRUCTION NO. 11**

**JOB TITLE**

A job title alone is of little or no assistance in determining the true importance of an employee to the employer or his exempt or non-exempt status.  The exempt or non-exempt status of any particular employee must be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the exemption.

**INSTRUCTION NO. 12**

**RESUMES AND PERFORMANCE REVIEWS**

Resumes and performance reviews, as well as the representations made by employees and employers, can be relied upon as accurate reflections of an employee's actual duties and responsibilities. However, such representations are not determinative, and descriptions given in depositions and affidavits should be considered, as well.

## <u>JURY QUESTION NO. 1</u>

Do you find from a preponderance of the evidence that Chicca worked more than forty (40) hours in any single work week during the relevant time period of June 18, 2008 to November 20, 2008?

Answer "Yes" or "No."

_____

If you answered "No" to this question, you should not proceed further.

If you answered "Yes" to this question, then proceed to Question No. 2.

**INSTRUCTION NO. 13**

**FLSA - ADMINISTRATIVE EMPLOYEE EXEMPTION**

St. Luke's asserts that Chicca's claims fail because he was exempt from the FLSA under the administrative employee exemption.

Your verdict must be for St. Luke's if all of the following elements have been proved by St. Luke's:

*First*, Chicca was compensated on a salary basis at a rate not less than $455 per week;

*Second*, Chicca's primary duty was the performance of office or non-manual work directly related to the management or general business operations of St. Luke's or St. Luke's customers; and

*Third*, Chicca's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

In this case, the parties have stipulated - that is, they have agreed - that Chicca was compensated on a salary basis at a rate not less than $455 per week.

## INSTRUCTION NO. 14

## "PRIMARY DUTY" DEFINITION

The term "primary duty" means the principal, main, major or most important duty that the employee performs.  Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.

Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee.  Thus, employees who spend more than 50 percent of their time performing exempt work, generally, satisfy the primary duty requirement.   Time alone, however, is not the sole test.   To be exempt under the law, the employee is not required to spend more than 50 percent of their time performing exempt work.  Employees who do not spend more than 50 percent of their time performing exempt duties may, nonetheless, meet the primary duty requirement if the other factors support such a conclusion.

In applying this definition and considering the relative importance of exempt and non-exempt duties, you should focus on the aspect of the employee's job that is of principal value to the employer.

INSTRUCTION NO. 15

**"DIRECTLY RELATED TO MANAGEMENT OR GENERAL BUSINESS OPERATIONS" DEFINITION**

For purposes of the administrative employee exemption, the phrase "directly related to management or general business operations" refers to the type of work performed by the employee.

To meet this requirement, an employee must perform work directly related to assisting with the administrative operations of a business, such as running or servicing the business, as distinguished from production work for the business, such as working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, functional areas such as budgeting; auditing; quality control; advertising; research; safety and health; human resources; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by employees who also would qualify for another exemption.

## INSTRUCTION NO. 16

## "DISCRETION AND INDEPENDENT JUDGMENT" DEFINITION

For purposes of the administrative employee exemption, the exercise of "discretion and independent judgment" involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.

The phrase "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in view of all the facts involved in the particular employment situation in which the question arises.  Factors to be considered when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to:

- Whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices;

- Whether the employee carries out major assignments in conducting the operations of the business

- Whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;

- Whether the employee has authority to commit the employer in matters that have significant financial impact;

- Whether the employee has authority to waive or deviate from established policies and procedures without prior approval;

- Whether the employee has authority to negotiate and bind the company on significant matters;

- Whether the employee provides consultation or expert advice to management;

- Whether the employee is involved in planning long- or short-term business objectives;

- Whether the employee investigates and resolves matters of significance on behalf of

management; and

- Whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

Generally, employees who meet at least two (2) or three (3) of these factors are exercising "discretion and independent judgment."

The exercise of discretion and independent judgment requires more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of "discretion and independent judgment" implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of "discretion and independent judgment" may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review does not mean that the employee is not exercising discretion and independent judgment.

An employee may exercise discretion even if his or her recommendations or decisions are reviewed by a senior management official and occasionally revised or reversed. However, an employee must do more than simply report information or observations to management for a decision; the employee must make recommendations that are based on deliberation, and that reflect a choice of one course of action over another by the employee.

## **JURY QUESTION NO. 2**

Do you find from a preponderance of the evidence that Chicca is exempt from the overtime pay

law pursuant to the administrative employee exemption?


Answer "Yes" or "No."

_____


If you answered "Yes" to this question, you should not proceed further.

If you answered "No" to this question, then proceed to Instruction No. 18.

**INSTRUCTION NO. 17**

**FLSA – COMPUTER PROFESSIONAL EXEMPTION**

St. Luke's asserts that Chicca's claims fail because he was exempt from the FLSA under the computer professional exemption. Your verdict must be for St. Luke's if all of the following elements have been proved by St. Luke's:

*First*, Chicca was compensated on a salary basis at a rate not less than $455 per week;

*Second*, Chicca was employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer filed; and

*Third*, Chicca's principal, main, major or most important duty consisted of at least one of the following:

A. The application of systems analysis techniques and procedures, including consulting with users to determine hardware, software or system functional specifications;

B. The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

C. The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

D. A combination of the aforementioned duties, the performance of which requires the same level of skills.

Because job titles vary widely and change quickly in the computer industry, job titles are not determinative of the applicability of this exemption.

In this case, the parties have stipulated - that is, they have agreed - that Chicca was compensated on a salary basis at a rate not less than $455 per week.

23

## INSTRUCTION NO. 18

## COMPUTER EMPLOYEES AND OTHER EXEMPTIONS

Computer employees within the scope of the computer professional exemption, as well as those employees not within its scope, may also have executive and administrative duties which qualify the employees for other exemptions, including the administrative employee exemption.

For example, systems analysts and computer programmers, generally, meet the duties requirements for the administrative exemption if their primary duty includes work such as planning, scheduling, and coordinating activities required to develop systems to solve complex business, scientific or engineering problems of the employer or the employer's customers.

## <u>JURY QUESTION NO. 3</u>

Do you find from a preponderance of the evidence that Chicca is exempt from the overtime pay law pursuant to the computer professional exemption?

Answer "Yes" or "No."

_____

If you answered "Yes" to this question, you should not proceed further.

If you answered "No" to this question, then proceed to Instruction No. 18.

**INSTRUCTION NO. 19**

**FLSA – DAMAGES**

If you answered "Yes" to Question 1 and "No" to Questions 2 and 3, then you must award Chicca damages in the amount that Chicca should have been paid in overtime compensation, less what St. Luke's actually paid Chicca.

The overtime compensation amount that should have been paid is the number of hours worked in excess of forty (40) hours in each workweek, times the employee's regular rate, times one and one-half.

If you find in favor of Chicca and you find against St. Luke's, you must determine the number of hours worked in each workweek during the relevant time period of June 18, 2008 to November 18, 2008.

In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing St. Luke's.

**JURY QUESTION NO. 4**

Indicate in the space provided the total amount of overtime compensation owed to Chicca for relevant time period.  Upon entering an amount in the space provided, you need not answer any additional questions, and can proceed to sign and date the VERDICT.

Answer in dollars and cents.


$_____

## **CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

I certify that the jury was unanimous in answering the questions

_____

PRESIDING JUROR